<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAHAMED KHAN,

*Plaintiff*,

v.

M&T BANK, MCCALLA RAYMER LEIBERT PIERCE, LLP, PETER LAWRENCE, BRIAN GILBERT, HON. LISA M. VIGNUOLO, HON. THOMAS D. MCCLOSKEY, JOHN/JANE DOES 1-10,

*Defendants*.

Civil Action No. 25-16821

**OPINION and ORDER**

December 2, 2025

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Mahamed Khan's Motion for Temporary Restraining Order (ECF 2, "TRO Motion" or "TRO Mot."), Motion to Strike (ECF 10, "Strike Motion" or "Strike Mot."), and Emergency Motion for Immediate Stay of Sheriff's Sale (ECF 13, "Stay Motion" or "Stay Mot.") against Defendants M&T Bank, McCalla Raymer Leibert Pierce, LLP, Peter Lawrence, Brian Gilbert, Hon. Lisa M. Vignuolo, Hon. Thomas D. McCloskey, John/Jane Does 1-10. For the reasons set forth below, Plaintiff's Motions are **DENIED**.

**I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>[1]**

Plaintiff, proceeding *pro se*, is the resident and owner of the property located at 20 Barbour Place, Piscataway, New Jersey 08854 ("The Property"). (TRO Mot. Ex. 3 at 1.) Plaintiff alleges

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

that on September 22, 2025, he "became aware of a scheduled sheriff's sale and/or execution proceedings being carried out by M&T Bank […] and its attorneys, McCalla Raymer Leibert Pierce LLP, without valid judicial authority and in violation of [his] constitutional and statutory rights." (*Id.*) Plaintiff alleges that Defendants "are proceeding under an invalid, non-negotiable, and unverified instrument which cannot be lawfully enforced" and that "[t]he foreclosure judgment and subsequent writ of execution issued by the state court are void for want of subject matter jurisdiction, improper service, and material fraud upon the court." (*Id.* at 2.) Plaintiff further alleges that he has "repeatedly sought clarification and validation of the alleged debt, and [has] served Notices of Debt Validation and Cease & Desist to Defendants and their counsel, which have been ignored."

On October 22, 2025, Plaintiff filed the Complaint (ECF 1) and TRO Motion in this case, seeking an injunction barring M&T Bank and all other Defendants from moving forward with the sheriff's sale of the Property  On October 23, 2022, the Court issued summonses as to all defendants, and on October 28, 2025, Plaintiff returned these summonses executed. (ECF 4; ECF 5.) On November 18, Plaintiff requested that the Clerk of the Court enter default as to Defendants Judges Vignuolo and McCloskey. (ECF 8.) On November 21, counsel for Defendants M&T Bank, McCalla Raymer Leibert Pierce LLP, Peter Lawrence, and Brian Gilbert filed a letter contesting the propriety of Plaintiff's service of process, arguing that Plaintiff delivered the service documents to people who were "not authorized to accept service" on behalf of any of their clients. (ECF 9 at 1.) In this letter, counsel for Defendants also stated that "the state court entered Final Judgment of Foreclosure in favor of M&T Bank against Khan on October 17, 2022, and they attached the state court decision to the letter. (*Id.* at 2.) Defendants also oppose Plaintiff's motions because they argue that the relief Plaintiff seeks is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283 and the *Rooker-Feldman* doctrine, both of which generally prohibit federal courts from staying or enjoining proceedings in

state courts. (*Id.*)

On the same day Defendants' letter was filed, November 21, 2025, Plaintiff filed a motion to strike the letter, arguing that Defendants were properly served and the letter amounted to an improper challenge to service. (Strike Mot. at 1.) Also on the same day, Plaintiff filed an Amended Complaint ("FAC") which included arguments and allegations that Judges Vignuolo and McCloskey lacked legal authority over the state proceedings, that Judge Vignuolo "refused to allow Plaintiff to speak during a scheduled telephone hearing and removed him from the proceeding entirely," and that the bank and law firm Defendants "engaged in fraud" by adding certain defendants to the state case. (*See generally* FAC.) On November 24, 2025, Plaintiff filed then Stay Motion, seeking the same relief as the other complaints and motions in this case.

## II.  LEGAL STANDARD

Injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The Court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 318 (3d Cir. 2015). A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). However, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in

the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)

### III.  ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The *Rooker-Feldman* doctrine precludes subject matter jurisdiction over actions already litigated in state court. The doctrine applies to actions in which (1) a plaintiff in federal court previously lost in state court; (2) the plaintiff seeks relief from injuries caused by the state court judgment; (3) the state court judgment was issued before the federal action filed; and (4) the plaintiff seeks federal review and rejection [of] the state judgment." *Dunbar v. Nationstar Mortg., LLC*, No.16-4259, 2016 WL 6804874, at *2 (D.N.J. Nov. 16, 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (D.C. Cir. 1983); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d 2010)).

This case falls squarely in the territory of *Rooker-Feldman* abstention. Plaintiff lost the state court case regarding the foreclosure (ECF 9 Ex. 1); he presently seeks relief from that judgment; the state judgment was issued before the federal action commenced; and Plaintiff now asks this federal court to undo the state court's judgment. As such, the Court lacks subject matter jurisdiction and must dismiss the case with prejudice. Moreover, Plaintiff has not supplied the Court with well pleaded facts that would allow the Court to conclude that he meets any of the four factors required to grant his requests for stays and restraining orders even if the Court did have

subject matter jurisdiction (which, for the sake of clarity, it does not).

### IV.    CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Temporary Restraining Order, Motion to Strike, and Emergency Motion for Immediate Stay of Sheriff's Sale are hereby **DENIED** and the case is **DISMISSED with prejudice** for lack of subject matter jurisdiction. SO ORDERED on December 2, 2025

                                                                  */s/ Jamel K. Semper*
                                                                  **HON. JAMEL K. SEMPER**
                                                                  **United States District Judge**

Orig:   Clerk
cc:     Cari Fais, U.S.M.J.
         Parties